[Civ. No. 6186. First Appellate District, Division One.—April 17, 1928.]

ROBERT LANG, Respondent, v. McKINNEY BLUE-PRINT PAPER CO. (a Corporation) et al., Appellants.

Rosecrans & Emme for Appellants.

J. C. Craig, Elmer P. Bromley and V. L. Ferguson for Respondent.

KNIGHT, J.—This is an action to recover damages for personal injuries sustained by plaintiff as a result of being struck by a motorcycle driven by defendant Jorgensen, who at the time was performing a service for his co-defendant and employer McKinney Blueprint Paper Company. The action was tried before a jury, and plaintiff was awarded a verdict of $2,750. Defendants appeal, urging as grounds for reversal that the evidence shows that plaintiff was guilty of contributory negligence, and is insufficient to prove negligence on the part of defendants.

The facts are not disputed and in substance are as follows: "The accident happened at the intersection of Third and Hill Streets, Los Angeles, which streets cross each other at right angles, Hill Street running north and south, and along its center are laid the double tracks of the electric street-cars. There was a safety station on the west side of Hill Street just north of its intersecting line with Third, provided for persons desiring to board the south-bound street-cars on Hill Street, and traffic signals were maintained at this intersection. Respondent started to walk easterly, with the traffic, across Hill Street from the northwest cor-

ner to the northeast corner of said intersection, and upon reaching the westerly street-car track the first bell of the traffic signal sounded to clear the traffic going east and west on Third Street, preparatory to the sounding of the second bell to open the traffic going north and south on Hill Street. Having ample time to reach the curb on the other side of Hill Street before the second bell sounded, respondent continued to go forward with the traffic, but when he got as far as the easterly street-car track he was prevented from going farther on account of automobiles turning northerly into Hill Street from Third; and while thus waiting to proceed the second bell of the traffic signal sounded, releasing the traffic going north and south on Hill Street. Immediately thereupon a north-bound street-car which had been waiting south of the intersection moved forward on the easterly track behind respondent and a line of automobiles traveling parallel with the street-car proceeded to pass in front of him; consequently respondent was unable to go in either direction, and while standing as far back toward the car track as was safe, and as far forward as possible toward the line of automobiles passing in front of him, Jorgensen, mounted on his motorcycle, came suddenly from behind a street-car which he had been following and at a rapid rate of speed attempted to pass between the street-car on his left and the line of automobile traffic on his right, with the result that he struck respondent, knocking him violently to the pavement, the force of the impact causing a compound comminuted fracture of the right leg, the bone being splintered and protruding through the flesh. Respondent was a farm laborer, and at the time of the accident was fifty-eight years of age. The severe fracture he sustained caused delayed union of the bones, and besides enduring much pain, he was compelled to lie in bed on his back three months; and at the time of the trial, in May, 1925, which was approximately a year after the accident, he was still on crutches and the medical testimony shows that the injured limb will never reach its normal strength.

Appellants contend that respondent was guilty of contributory negligence because he continued to go forward after hearing the first bell sounded. There is no good reason to hold that he should not have done so. Clearly, he had

the right to cross the street at this particular point, and he was proceeding in a lawful and careful manner with the traffic and doubtless would have been able to reach the other side before the second bell sounded but for the automobiles turning the corner from Third Street into Hill and preventing him, a situation which he could not foresee at the time the first bell sounded; and when the second bell sounded he was held between the street-car and the automobile traffic, with no choice in the matter except to stand still in the only available place left for him to stand.

■ As to the question of Jorgensen's negligence, it is plain that if he had continued to follow the course behind the street-car, or, desiring to pass the car, had swung to the right behind the line of the automobile traffic, the accident would not have happened; but, as he admitted immediately after the accident, he was in a hurry, and consequently, as other evidence shows, he was traveling at a speed of at least twenty miles an hour, as one witness testified, in a section where the traffic "was about the heaviest in the city," in an attempt to pass the street-car by darting between it and the line of automobiles traveling parallel with him, and in doing so struck the respondent. Furthermore, according to Jorgensen's testimony, when he reached the center of the intersection he saw respondent standing between the street-car track and the automobile traffic; and it may be reasonably inferred therefrom that if he had been traveling at a careful rate of speed, considering the congested condition of the intersection, he would have been able to stop before striking respondent.

■ In our opinion the foregoing evidence is ample to sustain the verdict and the judgment; and in any event there is no express statute here involved regulating the conduct of the parties, and, therefore, the only two questions involved in this appeal, as to whether respondent used ordinary care in crossing said street, and whether Jorgensen exercised the same measure of prudence in operating his motorcycle, constituted issues of fact to be determined by the jury from all the circumstances present, including the condition of the traffic at the particular time and place in question, and the jury having resolved these issues in respond-

ent's favor, its verdict is controlling on appeal. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.